UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:20-cv-06378-ODW-AFMx                                             Date:  March 4, 2022

Title   It's My Seat, Inc., et al v. Hartford Capital, LLC, et al

Present: The Honorable:   ALEXANDER F. MacKINNON, U.S. Magistrate Judge

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** Order Granting Defendant Bryan Stein aka Boris Shteyngart's Motion to Compel Further Responses to Discovery Against Plaintiff, and for Sanctions (Filed January 28, 2022; ECF No. 34)

Defendant Brian Stein has filed a motion (ECF No. 34) against Plaintiff It's My Seat to compel further interrogatory answers, further responses to document requests, and production of documents.  Defendant also seeks an award of his attorney's fees.  Plaintiff did not participate in the joint stipulation process, but instead filed a separate opposition.  (ECF No. 37.)  Defendant filed a reply in support of the motion.  (ECF No. 41.)  For the reasons stated below, the motion to compel is granted, and the request for attorney's fees is granted in part.

1. Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*  Discovery need not be admissible in evidence to be discoverable. *Id.*  However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  In response to requests for production, a party has an obligation under Fed. R. Civ. P. 34 to produce non-objectionable, response documents within the party's possession custody or control.  Rule 34 also prohibits boilerplate objection and requires the responding party to state, for each objection, whether documents are being withheld as a result of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:20-cv-06378-ODW-AFMx                              Date:  March 4, 2022

Title   It's My Seat, Inc., et al v. Hartford Capital, LLC, et al

objection.  *See* Fed. R. Civ. P. 34(b)(2)(C).  Further, the Federal Rules of Civil Procedure must be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

2.  The Local Rules for the Central District of California specify that discovery disputes must be presented to the Court via a joint stipulation.  *See* L.R. 37-2.4.  Local Rules 37-1 and 37-2 establish the requirements that counsel meet and confer before the joint stipulation is prepared and that counsel cooperate in the preparation of the joint stipulation.  Local Rule 37-4 provides that sanctions may be imposed if counsel fails to comply with these requirements.

3.  Expense shifting in connection with successful discovery motions is provided for by Fed. R. Civ. P. 37(a)(5)(A).  This rule states that if a motion to compel is granted, the court "must" award reasonable expenses (including attorney's fees) incurred in bringing the motion unless the movant filed the motion without attempting to resolve the matter without court action, the opposing party's position was substantially justified, or circumstances would make the award of expenses unjust.

4.  Here, there is no dispute that Plaintiff's initial responses to the interrogatories and to the requests for production were insufficient.  These responses presented boilerplate objections with insufficient information conveyed.  In addition, prior to the motion to compel, Plaintiff had produced no documents.  After the motion to compel was filed, Plaintiff changed counsel, but Plaintiff's new counsel does not attempt to defend Plaintiff's initial written responses to the discovery or the lack of document production.  Instead, new counsel argues that attorney's fees should not be awarded based on an illness of prior counsel and the providing of supplemental interrogatory responses, as well as production of over 800 pages of documents — after the motion to compel was filed.

5.  Plaintiff's supplemental discovery addresses many of, but not all, the deficiencies in Plaintiff's initial discovery responses.  More is required from Plaintiff in two areas:

    (i)  *Responses to RFPs and Production of Documents*.  Plaintiff's written responses to the requests for production were not supplemented and still do not comply with Rule 34.  Therefore, Plaintiff shall serve supplemental written responses to the requests for production that eliminate boilerplate objections and assert only objections pertinent to each particular request.  For each objection, Plaintiff shall indicate whether it is withholding any documents as a result of the objection.  If documents are withheld on the ground of attorney-client privilege or work product, a privilege log shall be served with the supplemental written responses.  Plaintiff shall also provide a sworn declaration describing in detail (a) what Plaintiff did to search for documents, (b) whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:20-cv-06378-ODW-AFMx                         Date:  March 4, 2022

Title      It's My Seat, Inc., et al v. Hartford Capital, LLC, et al

additional documents remain for production, and (c) why the produced documents have no apparent organization or logic in the way that they were produced.  The supplemental written responses, sworn declaration, privilege log and any further document production shall be served by Plaintiff within 14 days of the date of this order.

   (ii) *Responses to Interrogatories 24 and 25*. For the reasons stated in Defendant's reply, Plaintiff's supplemental responses to Interrogatories 24 and 25 are insufficient and do not provide direct and complete answers to those interrogatories.  Therefore, Plaintiff shall serve a further sworn supplemental answer to Interrogatory 24 that provides a detailed account of how Plaintiff used the borrowed funds in question.  Plaintiff shall also provide a further sworn supplemental answer to Interrogatory No. 25 that states whether it believed the loans in question were bridge loans or advances against future receivables and provides all facts supporting this belief.  These sworn supplemental interrogatory answers shall be served by Plaintiff within 14 days of the date of this order.

6.  In response to Defendant's request for reimbursement of his attorney's fees, Plaintiff has filed an affidavit of one of its prior lawyers (Timothy McFarlin).  (ECF No. 37 at 75.) This declaration states that Mr. McFarlin had the flu for some unspecified dates in January and that this illness prevented him from communicating with Plaintiff regarding the discovery in dispute and the preparation of a joint stipulation.  The Court finds this insufficient to avoid an award of attorney's fees.  First, the McFarlin declaration is vague as to the dates of his illness, indicating only that he came down with the flu "[d]uring the month of January" and that it lasted for "a few" weeks.  The declaration does not specifically match the dates of McFarlin's illness with his failure to participate in the joint stipulation process.  Second, even if Mr. McFarlin was so sick that we could not send a short email explaining his illness, Defendant has not attempted to explain why other lawyers who worked on this case with Mr. McFarlin were unable to communicate regarding the discover issues or to prepare Plaintiff's portion of the joint stipulation.  No one from Plaintiff's prior firm made any communication with Plaintiff about the meet-and-confer process or preparation of a joint stipulation.  Third, Plaintiff's original written discovery responses and the failure to produce any documents were wholly insufficient, and the due dates for those documents were in December – before Mr. McFarlin came down with the flu.  Although Plaintiff has provided supplemental written responses and has produced documents, those efforts have not addressed all of the prior deficiencies, and this supplemental discovery took place only after Defendant incurred attorney's fees in writing communications and preparing the motion to compel.  In these circumstances and pursuant to Fed. R. Civ. P. 37(a)(5)(A), the Court finds that an award of reasonable attorney's fees

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:20-cv-06378-ODW-AFMx | Date: March 4, 2022 |
| Title It's My Seat, Inc., et al v. Hartford Capital, LLC, et al | |

to Defendant is warranted here. Defendant has presented evidence that his counsel spent 12 hours attempting to communicate with Plaintiff and preparing the motion to compel. (ECF No. 34-1 at 5.) The hourly rate of Defendant's counsel is $550 per hour. (*Id.*) The Court finds the hours, rate, and total dollar amount (12 hrs. x $550/hr. = $6,600) are reasonable for preparation of the motion to compel. The Court is aware that Defendant seeks an additional three hours for a hearing and an additional 11 hours for analysis of the supplemental responses and preparation of the reply. However, no hearing was held, and Defendant would have had to analyze any supplemental discovery responses at some point if provided after a successful motion to compel. The Court also finds that it would not be in the interests of justice to award the additional amounts given Plaintiff's attempt to rectify its prior insufficient responses via supplementation and the production of documents. Therefore, Plaintiff It's My Seat, Inc. shall pay Defendant Brian Stein the amount of $6,600.00 as reimbursement of his attorney's fees incurred in bringing the motion to compel. This payment shall be made no later than 21 days after the date of this order.

IT IS SO ORDERED.

| | : |
|---|---|
| **Initials of Preparer** | ib |